UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PAMELA COLEMAN, individually, and )
on behalf of all others similarly situated, )  2:04-CV-00747-PMP (GWF)
                                                                                                 )
                Plaintiffs, )
                                                            )   O R D E R
v. )
    )
CIRCUS CIRCUS CASINOS, INC., et al., )
    )
                Defendants. )

Presently before the Court is Defendants' Motion for Summary Judgment With Respect to Defendants Gold Strike and Nevada Landing (Doc. #101), filed on June 26, 2006. Plaintiffs filed Plaintiffs' Opposition to Defendants' Motion for Summary Judgment With Respect to Defendants Gold Strike and Nevada Landing (Doc. #108) on July 12, 2006. Defendants filed a Reply (Doc. #123) on August 2, 2006.

Also before the Court is Defendants' Motion for Summary Judgment Seeking Dismissal of Plaintiffs Whose Claims Are Time Barred (Doc. #105), filed on June 30, 2006. Plaintiffs filed Plaintiffs' Opposition to Defendants' Motion for Summary Judgment Seeking Dismissal of Plaintiffs Whose Claims Are Time Barred (Doc. #109) on July 14, 2006. Defendants filed a Reply (Doc. #122) on August 2, 2006.[1]

---

[1] Also before the Court is Plaintiffs' unopposed Request that Defendants' Exhibits 2 and 3 Be Sealed Pursuant to the Policy of the Judicial Conference of the United States and E-Government Act of 2002 (Doc. #111), filed on July 14, 2006. The Court will grant the request and order the Clerk of the Court to file those exhibits under seal. The Court further advises the parties that in the future, documents containing personal information such as social security numbers should be filed under seal.

**I. BACKGROUND**

Plaintiffs are current or former security guards for Defendants who allege Defendants required them to arrive fifteen minutes early for their shift for security briefings and to stay after their shift until they were relieved and Defendants did not compensate them for this time. Plaintiffs pursue this matter as a collective action under the Fair Labor Standards Act ("FLSA").

Defendants Jean Development Company d/b/a Gold Strike Hotel and Gambling Hall ("Gold Strike) and Jean Development West d/b/a Nevada Landing Hotel and Casino ("Nevada Landing") move for summary judgment, arguing no genuine issue of material fact remains that these two entities did not hold pre-shift security briefings during the relevant time period. Defendants provide the affidavits of current and former security supervisors and security officers averring neither Nevada Landing nor Gold Strike held pre-shift security briefings. Plaintiffs respond that the two Plaintiffs who worked at Nevada Landing, Theresa Amon ("Amon") and Dennis Jefferson ("Jefferson") testified at their depositions that they attended pre-shift briefings at Nevada Landing. Plaintiffs therefore argue a genuine issue of fact remains for trial. Defendants respond that Plaintiffs offer no evidence regarding Defendant Gold Strike and therefore Gold Strike is entitled to judgment as a matter of law. Further, Defendants argue Plaintiffs Amon and Jefferson's "self-serving" testimony is insufficient to establish a genuine issue of material fact precluding summary judgment.

Defendants also move for summary judgment with respect to numerous Plaintiffs for whom Defendants argue the statute of limitations has run. Defendants contend each of these Plaintiffs failed to file their consent to join the suit within two years of their last date of employment. Defendants thus argue as a matter of law these Plaintiffs could not have attended a pre-shift briefing within the applicable two-year limitations period under the FLSA, and summary judgment therefore is appropriate. Plaintiffs respond that Defendants'

violation of the FLSA is willful, and therefore a three-year statute of limitations applies under the FLSA.  Plaintiffs contend Defendants have been on notice of their violations and have taken a position inconsistent with controlling authority from the United States Court of Appeals for the Ninth Circuit to justify their failure to compensate the security guards for the pre-shift briefings.  Defendants respond that this is the first time Plaintiffs have argued Defendants acted willfully.  Defendants argue Plaintiffs did not plead willfulness in the Complaint and have not argued willfulness in response to Defendants' prior motions regarding the statute of limitations.  Defendants thus contend Plaintiffs have abandoned any claim of willfulness and the two-year limitations period applies.  Further, Defendants argue that even if the three-year limitations period applies, several of the Plaintiffs' claims still are barred.

**II.  LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" demonstrate "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The substantive law defines which facts are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  All justifiable inferences must be viewed in the light most favorable to the non-moving party. County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).

The party moving for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact.  Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir. 2000).  The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. Id.; Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 997 (9th Cir. 2001).

///

///

### III. MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO DEFENDANTS GOLD STRIKE AND NEVADA LANDING

Defendants offer the testimony of George Repp, director of security for the Gold Strike and Nevada Landing; Patrick Differ, director of security and surveillance at the Gold Strike and Nevada Landing from 2003 to the present; Lisa Rutherford, director of security and surveillance for the Gold Strike and Nevada Landing from 2000 to 2003; Clifford Sharp, lead security officer at Nevada Landing; Guy Waugh, lead security officer for the day shift at Gold Strike; Edward Kubasak, lead security officer for the day shift at Nevada Landing; and Larry Roberts, security officer at Nevada Landing, who all testified under oath either by affidavit or deposition testimony that neither the Nevada Landing nor the Gold Strike held mandatory, uncompensated pre-shift briefings for security officers. (Defs.' Mot. for Summ. J. With Respect to Defs. Gold Strike & Nevada Landing [Doc. #101], Exs. 2-5; Defs.' Mot. for Summ. J. [Doc. #24], Exs. 1, 3, 4.)  In response, Plaintiffs offer the testimony of Plaintiffs Amon and Jefferson.  Amon testified at her deposition that she would attend ten to fifteen minute meetings before her shift during which the lead security officer would advise the on-coming shift employees about problems of which they needed to be aware as well as discuss corrective actions for prior problems. (Pls.' Opp'n to Defs.' Mot. for Summ. J. With Respect to Defs. Gold Strike & Nevada Landing [Doc. #108], Ex. 1.)  Amon specifically stated that affidavits from others indicating there were no pre-shift security meetings were incorrect.  (Id.)

Likewise, Jefferson stated in his deposition testimony that he and other security officers arrived approximately fifteen minutes before their shift to receive information for the upcoming shift.  (Id., Ex. 2.)  Jefferson testified he had conducted some of these meetings himself and they typically would last ten to fifteen minutes as the lead security officer discussed such matters as whether certain patrons had been cut off from the bar or other security risks.  (Id.)  Additionally, Jefferson testified several employees were fired for

not attending the briefings, although he did not state the names of any of those individuals. (Id.)

A genuine issue of material fact remains as to whether Plaintiffs attended mandatory uncompensated pre-shift briefings while employed by Defendant Nevada Landing. Defendants offer the testimony of several supervisors and other employees that no such meetings took place. Plaintiffs offer their own testimony that such meetings did take place. The Court cannot determine credibility on a motion for summary judgment, as that is the exclusive province of the jury. Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1266 (9th Cir. 2001) ("A jury, of course, may reject such evidence or determine that the witnesses are not credible, but a court on summary judgment may not make such determinations; instead it must draw all reasonable inferences in favor of the non-moving party[.]"). "[M]ere numerical superiority of witnesses advancing a particular version of the facts does not compel [the fact finder] to accept that version." Nat'l Labor Relations Bd. v. J.P. Stevens & Co., Inc., 563 F.2d 8, 18 (2d Cir. 1977) (quotation omitted).

The cases Defendants cite are not to the contrary. In Barnes v. Arden Mayfair, Inc., the United States Court of Appeals for the Ninth Circuit affirmed the district court's grant of summary judgment in a conspiracy and antitrust action. 759 F.2d 676 (9th Cir. 1985). The plaintiff alleged a shipper conspired with the plaintiff's competition to raise tariff rates on plaintiff's product. Id. at 678-79. The only evidence the plaintiff offered to prove the alleged conspiracy was the fact that the shipper had raised tariff rates on the plaintiff's products and that the shipper had a meeting with the plaintiff's competitors. Id. at 682-84. The Ninth Circuit held the fact that the shipper raised the plaintiff's tariff rate did not raise a genuine issue of material fact that the shipper and competitors conspired because the shipper applied the literal requirements of the applicable Interstate Commerce Commission tariff and may have violated its tariff schedules if it did not charge the plaintiff the higher rate. (Id. at 682-83.) Further, the Court held that because the plaintiff had no

evidence as to the substance of the single meeting between the shipper and the competitors, the plaintiff presented no evidence creating a genuine issue of material fact to rebut the testimony of the shipper and plaintiff's competitors that although the competitors were involved in a conspiracy against the plaintiff, the shipper was not a part of that conspiracy. Id. at 684.

Here, Plaintiffs Amon and Jefferson testified they personally attended pre-shift briefings at Nevada Landing. Amon and Jefferson would have direct knowledge of their own participation in such a meeting. This is not a situation where the Court would have to draw unreasonable inferences to support Plaintiffs' position. Plaintiffs contend there were pre-shift meetings. Defendants' witnesses assert there were not. Which witnesses' testimony to credit is a question for the jury.

Further, in Kennedy v. Applause, Inc., the plaintiff sued her employer for allegedly terminating her in violation of the Americans with Disabilities Act. 90 F.3d 1477 (9th Cir. 1996). The plaintiff filled out under oath state disability claim forms averring she was completely disabled. Id. at 1480. However, the plaintiff subsequently testified in deposition testimony that she was able to work. Id. The Ninth Circuit concluded no genuine issue of fact remained that the plaintiff was totally disabled based on her doctor's finding of total disability, the medical evidence, and her own sworn statements on the disability forms. Id. at 1481. The Court found her contrary deposition testimony was uncorroborated, self-serving, and directly contradicted her own prior sworn statements, and thus did not raise a genuine issue of material fact. Id.

Here, neither Amon nor Jefferson previously have stated under oath that they did not attend pre-shift briefings. Their testimony corroborates each other's statements that the Nevada Landing held pre-shift briefings. Their statements are not the kind of self-serving, after-the-fact attempts to raise a genuine issue of material fact in the face of contrary testimony given under oath which the Kennedy Court found would not preclude summary

judgment. Accordingly, the Court will deny Defendants' motion to dismiss as to Defendant Nevada Landing.

However, Plaintiffs have presented no evidence they attended pre-shift briefings at the Gold Strike within the stipulated relevant period.[2] The deposition testimony Plaintiffs offer in response to the motion for summary judgment refers only to Nevada Landing. Further, Amon testified she left the Gold Strike for the Nevada Landing in August 2002. (Defs.' Reply in Support of Mot. for Summ. J. With Respect to Defs. Gold Strike & Nevada Landing [Doc. #123], Ex. 6.) Jefferson's Personnel Action Form indicates he transferred to the Nevada Landing in July 2001. (Id., Ex. 8.) Because Plaintiffs have presented no evidence that either of them attended a pre-shift briefing at Defendant Gold Strike after the stipulated date of September 9, 2002, Defendant Gold Strike is entitled to summary judgment.

**IV. MOTION FOR SUMMARY JUDGMENT FOR TIME-BARRED CLAIMS**

Defendants move to dismiss the claims of several Plaintiffs[3] who failed to file their notice of consent to join the suit within two years of their last date of employment with Defendants. Defendants argue that because the FLSA has a two-year statute of limitations, no genuine issue of material fact remains that the limitations period has run for any Plaintiff who did not file a consent within two years of their last date of employment. Plaintiffs respond that Defendants have engaged in willful FLSA violations, and thus a three-year

---

[2] See Stip. & Order to Approve Notice of Conditionally Certified Collective Action [Doc. #59], Notice of Conditionally Certified Collective Action Claim Under the Fair Labor Standards Act at 2.)

[3] The Plaintiffs at issue in this motion are: Linda Darlene Martin, Ronald Elmore, Bruce E. Glass, Doyle W. Stransner, John R. Tyler, Ian P. Amsler, Robert Pacleb, Ronald D. Gale, Christopher M. Haberman, Richard D. Harris, Lomont D. Hudson, Mary K. Johnson, Tracy Jokela, Waylon Heath Layton, Carlos J. Navarro, Jr., Matthew K. Shores, Stanley G. Welch, Ronald Bollig, Jose Cobos, Mark Bonstein, James E. Leach, Timothy Nelson McDonald, Marc McElrath, Westley C. Moore, Jack C. Nicholls, Barry Macray Shumate, Molly L. Sprague, Kenneth R. Sumpter, Walter Robert Taylor, Carl Eugene Burton, Jason Wayne Holland, Pete C. Sveen, and Theresa Amon.

limitations period applies.  Defendants respond that Plaintiffs have not pled willfulness and have never alleged willfulness in response to any of Defendants' prior motions regarding the applicable statute of limitations.  Further, Defendants contend that even if Plaintiffs adequately have alleged willfulness, some Plaintiffs' claims still are barred.[4]

Plaintiffs alleging an FLSA violation must bring their cause of action within two years of accrual or it is "forever barred." 29 U.S.C. § 255(a).  The FLSA extends the limitations period to three years for claims "arising out of a willful violation."[5]  Id.  Where, as here, the plaintiffs have filed a collective action under 29 U.S.C. § 216(b), the action does not commence with respect to each individual plaintiff until he or she has filed with the court a consent to join the suit.  See 29 U.S.C. § 256; Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1132-33 (D. Nev. 1999).  Where the complaint does not allege or the plaintiff does not contend the defendant engaged in a willful violation, the two-year limitation period applies.  See id. at 1141 (declining to apply three-year limitation period where the plaintiffs neither alleged the defendant acted willfully nor argued that the three-year statute of limitations applied); Perella v. Colonial Transit, Inc., 148 F.R.D. 147, 149 n.2 (W.D. Pa. 1991) (declining to apply three-year limitations period where the plaintiff did not allege the defendants acted willfully and did not argue the three-year limitations period applied even though the parties had discussed the statute of limitations issue at conferences and the defendant moved to dismiss on this very basis).

---

[4] Defendants contend a three-year limitations period bars the following Plaintiffs' claims: Christopher M. Haberman, Richard D. Harris, Waylon Heath Layton, Mark Bonstein, and Barry Macray Shumate.

[5] "A violation of the FLSA is willful if the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'" Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 918 (9th Cir. 2003) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)).

The Complaint alleges both named and unnamed Defendants "negligently, willfully, intentionally, maliciously, recklessly . . . caused, directed, allowed or set in motion the unlawful and injurious events affecting Plaintiffs and all others similarly situated." (Notice of Removal of Action Under 28 U.S.C. § 1441(b) [Doc. #1], Compl. at ¶ 23.) The Complaint contains no other allegations of willfulness or recklessness, and alleges no factual basis for willfulness.

Defendants previously moved to dismiss claims against Defendants Gold Strike, Nevada Landing, and Railroad Pass based on the running of the statute of limitations. (Defs.' Mot. for Summ. J. [Doc. #24], at 7.) Defendants argued none of these entities had held pre-shift security briefings within the past three years and thus the two-year limitations period had run. Defendants also argued Plaintiffs had not pled a willful violation to extend the limitations period, but even if they had, the three-year period also had run. In response to this motion, Plaintiffs requested more time to conduct discovery to enable Plaintiffs to respond to the motion. (Pls.' Opp'n to Sections II(B) and II(C) of Defs.' Mot. for Summ. J. & FRCP 56(f) Mot. in Opp'n to Section II(D) of Defs. Mot. for Summ. J. [Doc. #25] at 5-6.) Plaintiffs did not respond substantively to Defendants' arguments regarding the relevant statute of limitations.

Defendants subsequently argued, in opposition to Plaintiffs' motion to certify a collective action, that the two-year statute of limitations barred named Plaintiff and proposed representative Jerald Henry's ("Henry") claims. (Opp'n to Pls.' Mot. to Conditionally Certify Collective Action for Purposes of Discovery & Notice & Request to Send Notice to Putative Collective Action Members & Request to Dismiss Pls.' FLSA Claims Against All Defs. Except Mandalay Bay [Doc. #33] at 6.) Defendants further argued Plaintiffs had not alleged a willful violation so the three-year limitations period did not apply. Plaintiffs did not dispute Defendants' argument that they had not pled a willful violation and thus only the two-year limitations period applies, but instead argued

9

Defendants were arguing the merits on a motion to conditionally certify a collective action and Plaintiffs had established commonality and typicality sufficient to support a collective action. (Pls.' Reply to Defs.' Opp'n to Pls.' Mot. to Conditionally Certify Collective Action for Purposes of Discovery & Notice & Request to Send Notice to Putative Collective Action Members & Pls.' Opp'n to Defs.' Request to Dismiss Pls.' FLSA Claims Against All Defs. Except Mandalay Bay [Doc. #39].)  This Court ruled that the two-year limitations period barred Henry's claims because he had not filed a consent to suit within two years from his last date of employment with Defendants. (Order [Doc. #47] dated July 8, 2005.)

Plaintiffs moved the Court to reconsider its dismissal of Plaintiff Henry. (Pls.' Mot for Recons. of the Dismissal of Pl. Jerald Henry [Doc. #56].)  Plaintiffs argued that because Henry was a named Plaintiff, he did not need to file a consent to suit. Alternatively, Plaintiffs argued they had notified the Court of Henry's consent to suit by requesting his consent be filed under seal.  Plaintiffs did not argue, however, that Defendants had engaged in willful violations triggering the three-year limitations period. The Court denied the motion for reconsideration. (Order [Doc. #62] dated October 18, 2005.)

Plaintiffs argue willfulness for the first time in opposition to this motion to dismiss even though Defendants previously have argued on several occasions that the two-year limitations period applies.  The Court dismissed Plaintiff Henry's claims based on the two-year limitations period, yet Plaintiffs made no argument in opposition or on reconsideration that Defendants' violations were willful and thus subject to the three-year limitations period.  Thus, even if Plaintiffs' boilerplate allegation in the Complaint that Defendants acted "willfully" is sufficient to invoke the three-year limitations period, Plaintiffs abandoned that position throughout the various motions regarding the applicable statute of limitations in this case.

///

10

Even if Plaintiffs could alter course and now argue willfulness at this point in the proceedings, a cause of action for willful violations would accrue, at the earliest, in June 2004. Plaintiffs argue that in June 2004, the Ninth Circuit decided Ballaris v. Wacker Siltronic Corporation, which Plaintiffs contend put Defendants on notice that their practice of requiring employees to attend uncompensated pre-shift briefings violates the FLSA and Defendants cannot offset that unpaid time with a paid lunch period. 370 F.3d 901 (9th Cir. 2004). Plaintiffs argue that Defendants' continued conduct beyond the issuance of the Ballaris decision demonstrates willfulness.

At most, however, Plaintiffs' argument demonstrates willfulness only as of June 2004 because that is when Defendants purportedly were on notice via Ballaris that their conduct violated the FLSA. Thus, only violations occurring from that point forward would arise out of a willful violation. That Defendants allegedly acted willfully as of June 2004 does not retroactively impute the three-year limitations period to conduct before June 2004. Accordingly, any employee whose employment ended before that date was not subject to Defendants' allegedly willful conduct, their claims do not arise out of a willful violation, and thus the two-year statute of limitations controls.

Plaintiffs do not challenge the accuracy or authenticity of Defendants' exhibits establishing Plaintiffs' last dates of employment as security officers with Defendants. None of Plaintiffs at issue in this motion worked as security officers for Defendants as of June 2004 and beyond. (Defs.' Mot. for Summ. J. Seeking Dismissal of Pls. Whose Claims Are Time Barred [Doc. #105], Exs. 2-3.) Accordingly, these Plaintiffs are subject to a two-year limitations period, even if the Court were to permit Plaintiffs to alter course and now argue a three-year limitations period applies. Further, Plaintiffs do not dispute that all of these Plaintiffs failed to file a consent to suit within two years of their last date of employment. Accordingly, the FLSA's two-year statute of limitations bars the claims of the Plaintiffs at issue in this motion. The Court therefore will grant Defendants' motion to dismiss with

respect to the identified Plaintiffs.

**V. CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment With Respect to Defendants Gold Strike and Nevada Landing (Doc. #101) is hereby GRANTED in part and DENIED in part. The motion is granted as to Defendant Jean Development Company d/b/a Gold Strike Hotel and Gambling Hall. Judgment is hereby entered in favor of Defendant Jean Development Company d/b/a Gold Strike Hotel and Gambling Hall and against Plaintiffs. The motion is denied as to Defendant Jean Development West d/b/a Nevada Landing Hotel and Casino.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment Seeking Dismissal of Plaintiffs Whose Claims Are Time Barred (Doc. #105) is hereby GRANTED. The following Plaintiffs' claims are hereby DISMISSED with prejudice:

| | | |
|---|---|---|
| Linda Darlene Martin | Ronald Elmore | Bruce E. Glass |
| Doyle W. Stransner | John R. Tyler | Ian P. Amsler |
| Robert Pacleb | Ronald D. Gale | Christopher M. Haberman |
| Richard D. Harris | Lomont D. Hudson | Mary K. Johnson |
| Tracy Jokela | Waylon Heath Layton | Carlos J. Navarro, Jr. |
| Matthew K. Shores | Stanley G. Welch | Ronald Bollig |
| Jose Cobos | Mark Bonstein | James E. Leach |
| Theresa Amon | Marc McElrath | Timothy Nelson McDonald |
| Westley C. Moore | Jack C. Nicholls | Barry Macray Shumate |
| Molly L. Sprague | Kenneth R. Sumpter | Walter Robert Taylor |
| Carl Eugene Burton | Jason Wayne Holland | Pete C. Sveen |

Judgment is hereby entered in favor of Defendants and against the above-identified Plaintiffs.

///

IT IS FURTHER ORDERED that Plaintiffs' Request that Defendants' Exhibits 2 and 3 Be Sealed Pursuant to the Policy of the Judicial Conference of the United States and E-Government Act of 2002 (Doc. #111) is hereby GRANTED. The Court directs the Clerk of the Court to file under seal Exhibits 2 and 3 to Defendants' Motion for Summary Judgment Seeking Dismissal of Plaintiffs Whose Claims Are Time-Barred [Doc. #105].

DATED: September 6, 2006

_____
PHILIP M. PRO
Chief United States District Judge